(No. 77-CC-2106 — )

STEVEN HENSON, Claimant, *v.* STATE OF ILLINOIS, Respondent.

*Opinion filed October 23, 1978.*

PER CURIAM.

This case arises as a result of a three day disciplinary suspension of the Claimant, a prison guard. The suspension was revoked as the result of a fourth level grievance appeal to the Director of Personnel. The suspension occurred on September 20, 21 and 22, 1976, but by the time of the fourth level grievance determination the Fiscal Year 1977 appropriation had lapsed. Following the Director's reversal of the suspension no appeal was taken. The Claimant then applied directly to this Court for relief. Although appropriations remaining available in the personal services line item when coupled with other claims of a similar nature made for

the same fiscal period there were inadequate funds remaining in the personal services line item. The supplemental departmental report of March 24, 1978, clearly points out this deficiency of line item money when it refers to the cases of Homer Ward and Bobby Miller, involving the same line item appropriation. However, the supplemental departmental report also establishes that pursuant to the provisions of *Ill. Rev. Stat., Ch. 127, para. 149.2,* that there was available from the commodities line item of the same general fund appropriation the amount of $83,039.24 which could have been transferred for utilization in the payment of these salaries had the necessity become obvious prior to the lapse of the fund. Chapter 127, para. 149.2 states in pertinent part as follows:

"Transfers among line item appropriations from the same treasury fund for the objects specified in this Section when the balance remaining in one or more such line item appropriations is insufficient for the purpose for which the appropriation was made. No transfers may be made from one agency to another agency, nor may transfers be made from one institution of higher education to another institution of higher education. Transfers may be made only among the objects of expenditure enumerated in this section, except that no funds may be transferred from any appropriation for personal services. The sum of such transfers for an agency in the fiscal year shall not exceed two percent of the aggregate amount appropriated to it within the same treasury fund for the following objects: personal services, extra help, student and inmate compensation, State contributions to retirement systems, State contributions to Social Security, contractual services, travel, commodities, printing, equipment; electronic data processing, operation of automotive equipment, telecommunications services, library books, Federal matching grants for student loans, refunds, Workmen's Compensation, occupational disease, and Tort claims, and, in appropriation to institutions of higher education, awards and grants." etc., etc.

As can be seen from the above quotation the legislature has approved transfers from the commodity line item to personal services.

In view of the provisions contained in *Ill. Rev. Stat. Ch. 127, para. 145,* prohibiting retroactive salaries this Court feels it to be appropriate to comment as follows:

Chapter 127, para. 145, provides in part as follows:

"Amounts paid from appropriations for personal service of any officer or employee of the State, either temporary or regular, shall be considered as full payment for all services rendered between the dates specified in the payroll or other voucher and no additional sum shall be paid to such officer or employee from any lump sum appropriation for extra help or other purpose or any accumulated balances in specific appropriations, which payments would constitute in fact an additional payment for work already performed and for which remuneration had already been made, except that wage payments made pursuant, to the application of the prevailing rate principle or based upon the effective date of a collective bargaining agreement between the State, or a State agency and an employee group shall not be construed as an additional payment for work already performed."

This Court recognizes the validity of the above paragraph but finds that it does not restrict the entry of an award in this case. It is clear from the examination of the facts that a payment in this case would not "constitute in fact an additional payment for work already performed and for which remuneration had already been made." In their joint stipulation the parties have agreed to the above finding and this Court, as above stated, concurs in that agreement. There was never any remuneration for the period of time of the suspension and, therefore, the prohibition contained in paragraph 145 is inapplicable.

This Court, therefore, awards the Claimant the amount of $136.65 plus appropriate employer's retirement contribution and F.I.C.A. contributions.